IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| **LARRY RUSSELL,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:15-cv-02455-JPM-tmp |
| ) | |
| **AAA LIMO d/b/a RAILCREW XPRESS,** ) | |
| **LLC, ANDREW BECK,** ) | |
| **CHRISTEN BRANSON, BRIAN OHARA,** ) | |
| **and WILLIAM WALKER,** ) | |
| ) | |
| Defendants. ) | |

**REPORT AND RECOMMENDATION**

Before the court is the Motion to Dismiss filed by Defendants AAA Limo ("AAA"), doing business as Railcrew Xpress, LLC, Andrew Beck, Kristen Branson (incorrectly identified in the complaint as Christen Branson), Brian OHara, and William Walker (collectively "Defendants") on October 19, 2015. (ECF No. 15.) *Pro se* plaintiff Larry Russell filed a response in opposition on December 7, 2015. (ECF No. 25.) After the parties fully briefed the present motion, they appeared before the presiding district judge on December 16, 2015, for a telephonic scheduling conference. At that time, the court granted Russell an opportunity to file an amended complaint or to supplement his response in opposition to Defendants' motion to dismiss, by January 15, 2016. (ECF No. 26.) However, Russell did not file

a motion to amend his complaint or a supplement to his response to Defendants' motion by the January 15, 2016 deadline.

For the reasons below, it is recommended that Defendants' motion be granted.

## I. PROPOSED FINDINGS OF FACT

On June 10, 2015, Russell filed a charge with the Equal Employment Opportunity Commission ("EEOC") alleging that AAA discriminated against him by wrongfully terminating his employment. In his EEOC charge, attached as an exhibit to his federal complaint, Russell states:

> On or about June 8, 2015, I was discharged from my position as a lead driver by [AAA]. I had been employed with the company since January of 2008. I was informed that I was being discharged because I used the company fuel card and I was not at work. I was informed that the company GPS did not pick up my van at the location where I used the company fuel card. I am aware that others of my same race, sex, and age, were in similar situations and were not discharged. They also worked for my Supervisor, who was William Walker. Mr. Walker discharged me. He did not discharge the others. . . . I believe that the above is in violation of Title VII of the Civil Rights Act of 1964, as amended.

Russell received a right to sue letter from the EEOC on June 17, 2015. Subsequently, on July 7, 2015, Russell filed a *pro se* complaint pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") alleging discrimination by AAA based on his national origin. In lieu of an answer, Defendants filed the pending motion seeking dismissal of Russell's complaint pursuant

to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendants argue that Russell has failed to exhaust his administrative remedies as to his national origin discrimination claim because his EEOC charge contained no allegation of national origin discrimination. Additionally, Defendants assert that Russell has failed to allege facts in his complaint sufficient to state a plausible claim for relief. Lastly, Defendants argue that Russell's claims against Beck, Branson, OHara, and Walker fail as a matter of law because individuals cannot be held liable under Title VII.[1]

## II. PROPOSED CONCLUSIONS OF LAW

**A. Standard of Review**

In assessing whether the complaint in this case states a claim on which relief can be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in Ashcroft v. Iqbal, 556 U.S. 662, 677-79 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007). Hill v. Lappin, 630 F.3d 468, 470-71 (6th Cir. 2010).

---

[1] Russell filed a response in opposition to Defendants' motion on December 7, 2015, after the court entered an Order to Show Cause. (ECF Nos. 24 & 25.) His response, however, does not address the arguments raised in Defendants' motion. Instead, Russell makes references to "under color of state law," denial of due process, and apparent denial of unemployment benefits. None of these arguments bear any relationship to his employment discrimination claims.

"Accepting all well-pleaded allegations in the complaint as true, the court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" Williams v. Curtin, 631 F.3d 380, 383 (6th Cir. 2011) (quoting Iqbal, 556 U.S. at 681). "[P]leadings that . . . are no more than conclusions . . . are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Iqbal, 556 U.S. at 679; see also Twombly, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." Williams, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989); see also Brown v. Matauszak, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (internal quotation marks

omitted); Payne v. Sec'y of Treasury, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); cf. Pliler v. Ford, 542 U.S. 225, 231 (2004) ("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); Young Bok Song v. Gipson, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While the courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.")

**B.   Exhaustion of Administrative Remedies**

First, Defendants argue that Russell has not exhausted his administrative remedies with regard to his national origin discrimination claim because his EEOC charge contained no allegation of national origin discrimination. It is well-settled that a plaintiff must exhaust his or her administrative remedies by filing a charge with the EEOC before he or she can pursue a Title VII claim in federal court. See Johnson v. Cohen, 6 F. App'x 308, 311 (6th Cir. 2001) ("In order to satisfy

the prerequisites of an employment discrimination action under Title VII, a plaintiff must timely exhaust his administrative remedies."); Nelson v. Gen. Elec. Co., 2 F. App'x 425, 427-28 (6th Cir. 2001) ("The administrative filing requirement that a Title VII plaintiff exhaust her administrative remedies . . . is a necessary prerequisite to filing a discrimination suit in federal court."). "As a general rule, a Title VII plaintiff cannot bring claims in a lawsuit that were not included in his EEOC charge" unless those claims are "reasonably related to or grow out of the factual allegations in the EEOC charge." Younis v. Pinnacle Airlines, Inc., 610 F.3d 359, 361-62 (6th Cir. 2010); see also Johnson v. Riviana Foods, Inc., No. 14-CV-2911-SHL-cgc, 2015 WL 4759014, at *4 (W.D. Tenn. Aug. 12, 2015).

In Russell's complaint, he checks the box for national origin discrimination. His EEOC charge, however, contains no allegation of national origin discrimination. Rather, at most, it references race, sex, and age discrimination. The court finds that Russell's national origin discrimination claim is not reasonably related to the factual allegations detailed in his EEOC charge. As such, the court recommends that Defendants' motion be granted as to Russell's national origin discrimination claim.

**C. Title VII Discrimination Claim**

Next, Defendants argue that Russell has failed to state a claim upon which relief can be granted under Title VII. Title VII makes it unlawful for an employer to discriminate against individuals based on their race, color, sex, religion, or national origin. 42 U.S.C. § 2000e-2(a)(1). Absent direct evidence of discrimination, a plaintiff can establish a *prima facie* case of disparate treatment discrimination under Title VII by demonstrating that: (1) he or she is a member of a protected class; (2) he or she was qualified for the job and performed it satisfactorily; (3) despite his or her qualifications and performance, he or she suffered an adverse employment action; and (4) he or she was replaced by a person outside the protected class or was treated differently than similarly-situated non-protected employees. Aquino v. Honda of America, Inc., 158 F. App'x 667, 674 (6th Cir. 2005) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-03 (1973) & Johnson v. Univ. of Cincinnati, 215 F.3d 561, 572-73 (6th Cir. 2000)). However, Title VII plaintiffs need not establish all elements of a *prima facie* case of discrimination to survive a motion to dismiss. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 510–14 (2002). Rather, Title VII complaints must only satisfy the simple pleading requirements of Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Id.; see

also Serrano v. Cintas Corp., 699 F.3d 884, 897 (6th Cir. 2012) ("[S]o long as a complaint provides an adequate factual basis for a Title VII discrimination claim, it satisfies the pleading requirements of Federal Rule of Civil Procedure 8(a)(2).").

The court finds that Russell has not demonstrated that he is plausibly entitled to relief under Title VII. Russell makes only the conclusory assertion that other employees of his same race and sex "were in similar situations and were not discharged." However, Russell does not specify his race in his complaint, does not allege that he performed his job satisfactorily (he does not deny in his complaint that he misused the company fuel card), and does not allege that he was treated differently than similarly-situated non-protected employees. In fact, to the contrary, he alleges that he was treated differently than employees of his *same* sex and race. As a result, the complaint fails to state a claim for employment discrimination based on Russell's sex or race. Therefore, the court recommends that Defendants' motion be granted as to Russell's Title VII claims. See Russell v. Tenn. Dep't of Corr., 99 F. App'x 575, 577 (6th Cir. 2004) (affirming district court's judgment granting defendant's motion to dismiss because "[t]he complaint simply stated that Russell was denied a promotion because of his race and color. The complaint contained neither details surrounding the alleged denial of a

promotion nor any facts supporting such claim. Russell did not allege . . . that a similarly-qualified employee who was not a member of the protected class received a promotion. . . . Thus, even under the most liberal construction, Russell's complaint failed to state a claim upon which relief may be granted.") (internal citation omitted); see also Payne v. Lucite Int'l, No. 13-2948-STA-tmp, 2014 WL 2826343, at *7 (W.D. Tenn. June 23, 2014) (granting defendant's motion to dismiss plaintiff's Title VII claim because the claim "does not satisfy the *Twombly* and *Iqbal* standard and cannot survive a Rule 12(b)(6) motion to dismiss").

**D. Age Discrimination in Employment Act Claim**

The Age Discrimination in Employment Act ("ADEA") prohibits an employer from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age." 29 U.S.C. § 623(a)(1). A plaintiff without direct evidence of age discrimination can establish a *prima facie* case of discrimination in violation of the ADEA by showing that: 1) he or she was at least forty years old at the time of the alleged discriminatory act; 2) he or she was qualified for the position; 3) he or she was subjected to an adverse employment action; and 4) "similarly situated non-protected employees were treated more favorably." Sperber v.

Nicholson, 342 F. App'x 131, 132 (6th Cir. 2009) (quoting Coomer v. Bethesda Hosp., Inc., 370 F.3d 499, 511 (6th Cir. 2004)) (internal quotation marks omitted). To survive a motion to dismiss, ADEA plaintiffs need not establish all elements of a *prima facie* case of age discrimination; rather, ADEA plaintiffs must only satisfy the simple pleading requirements of Federal Rule of Civil Procedure 8(a)(2). Swierkiewicz, 534 U.S. at 510-14; see also Vandine v. Trinity Health Sys., No. 2:14-CV-1242, 2015 WL 5216715, at *3 (S.D. Ohio Sept. 8, 2015).

The court finds that Russell has not demonstrated that he is plausibly entitled to relief under the ADEA. Russell asserts that other employees of his same age "were in similar situations and were not discharged." Russell does not state his age in his complaint, does not allege that he was qualified for the position, and does not allege that similarly situated non-protected employees were treated more favorably. Because Russell's complaint fails to state a claim for age discrimination showing that he is plausibly entitled to relief, the court recommends that Defendants' motion be granted as to Russell's ADEA claim. See Nwabue v. Wayne State Univ. Sch. of Med., 513 F. App'x 551, 553 (6th Cir. 2013) (affirming judgment granting defendant's motion to dismiss plaintiff's ADEA claim because plaintiff "failed to allege facts sufficient to support a reasonable inference of discrimination").

**E.  Individual Liability under Title VII/ADEA**

Lastly, Defendants argue that Russell's claims against Beck, Branson, OHara, and Walker fail as a matter of law because individuals cannot be held liable under Title VII or the ADEA. The law in the Sixth Circuit is clear that an individual "who does not otherwise qualify as an employer cannot be held personally or individually liable" under Title VII or the ADEA. Little v. BP Exploration & Oil Co., 265 F.3d 357, 362 (6th Cir. 2001) (citing Wathen v. Gen. Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997)); Ford v. Tenn. Human Rights Comm'n, 208 F.3d 213, at *1 (6th Cir. 2000) ("Ford's claims are not cognizable as to the individual defendants as Title VII and the ADEA do not permit employees and supervisors to be sued in their individual capacities."); Hiler v. Brown, 177 F.3d 542, 546 (6th Cir. 1999) ("Indeed, numerous courts, including this one, have held that supervisors, sued in their individual capacities, are not included within the statutory definition of 'employer' under Title VII and its sister civil rights statutes, and accordingly cannot be held personally liable for discrimination."); Johnson v. McKesson Corp., No. 04-2587-B, 2005 WL 3132467, at *3 (W.D. Tenn. Nov. 21, 2005). Russell has not alleged that Beck, Branson, OHara, or Walker were his employer. Rather, Russell's complaint alleges that Walker was his supervisor and fails to mention the other individuals. Accordingly, the court finds

that Russell has not plausibly stated a claim for relief against these individuals, and therefore, Defendants' motion should be granted with regard to the claims against them.

### III. RECOMMENDATION

For the reasons above, it is recommended that Defendants' motion to dismiss be granted.

Respectfully submitted,

s/ Tu M. Pham
TU M. PHAM
United States Magistrate Judge

February 17, 2016
Date

**NOTICE**

**WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THIS REPORT AND RECOMMENDED DISPOSITION, ANY PARTY MAY SERVE AND FILE SPECIFIC WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS. ANY PARTY MAY RESPOND TO ANOTHER PARTY'S OBJECTIONS WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b)(2); L.R. 72.1(g)(2). FAILURE TO FILE OBJECTIONS WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND FURTHER APPEAL.**